**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in compliance with D.N.J. LBR 9004-2(c)**

NOWELL AMOROSO KLEIN BIERMAN P.A.
155 Polifly Road
Hackensack, New Jersey 07601
(201) 343-5001
David Edelberg, Esq. (DE-6258)
Rick A. Steinberg, Esq. (RS-7396)
Attorneys for Sayreville Plaza, LLC

|  |  |
|---|---|
| In Re: | : Case No. 10-15436 |
|  | : |
|  | : Chapter 11 |
| ETHAN H, LLC, | : |
|  | : Judge Michael B. Kaplan |
| Debtor. | : |
|  | : |

## CREDITORS' CERTIFICATION OF DEFAULT

David Edelberg, being of full age, hereby certifies as follows:

1.  I am counsel for Sayreville Plaza, LLC, the landlord in the above referenced matter.

2.  I am submitting this <u>fourth</u> certification due to the Debtor's ongoing, tardy payment of outstanding rent. Currently, the Debtor has bounced another DIP check - - and failed to remit the $1,000.00 payment due in my office by 5:00 p.m. July 19.

3.  Annexed hereto as Exhibit "A" is this Court's July 16, 2010 order (the "Order"), memorializing the most recent agreement between Sayreville Plaza and the Debtor. The Order arises from Sayreville Plaza's previous Certification of Default.

4.  As reflected in the Order's recitals, an $8,000.00 DIP check was delivered to Sayreville Plaza at the July 12 hearing regarding the Debtor's repeated, tardy rent payments.

5. The $8,000.00 DIP check has <u>bounced</u> (the "$8,000 Bounced Check"). The $8,000 Bounced Check is the second time in the last 30 days that the Debtor has bounced a DIP check delivered to the landlord.

6. In addition, the Order provides for 10 weekly payments of $1,000.00, starting July 19. See page 3 of the Order.

7. The Order further provides that all payments shall be "time of the essence" and delivered to Sayreville Plaza's counsel by 5:00 pm on the applicable due date, or the Debtor shall be in default. See page 3 of the Order.

8. The Order further provides that upon default, Sayreville Plaza is entitled to file this Certification of Default, and obtain a further order terminating the Debtor's lease agreement with Sayreville Plaza and converting the Debtor's case to Chapter 7. See page 3 of the Order.

9. Finally, the Order provides that the Debtor's sole defense to a Certification of Default is that the payment was in fact timely remitted. See page 4 of the Order.

10. Based upon the terms of the Order, the $8,000 Bounced Check, and the nonpayment of the amount due on July 19, Sayreville Plaza respectfully requests the entry of the order submitted simultaneously herewith.

## THE DEBTOR'S EXTENSIVE HISTORY OF REPEATED DEFAULTS

11. On June 9, 2010, this Court conducted the initial hearing upon Sayreville Plaza's Application seeking relief from the automatic stay with respect to its lease of the Debtor's premises. At that time, the amount of overdue rent due was $58,951.00, regarding the entire months of May and June, and shortfalls for prior months.

12. On that day, based upon the Debtor's delivery of a $15,000.00 debtor in

possession check to Sayreville Plaza (the "$15,000 Bounced Check"), Sayreville Plaza graciously agreed to adjourn its application to June 14, 2010 - - at which time the remaining $43,951.00 was to be paid by the Debtor.

13.  The Debtor defaulted upon such agreement by failing to deliver any money at the June 14 hearing.

14.  Nonetheless, in reliance upon the validity of the $15,000 Bounced Check, Sayreville Plaza again graciously agreed to give the Debtor more time - - until Friday, June 18, to pay $43,951. Such settlement was memorialized by the Court's June 16, 2010 Order.

15.  On June 15, 2010 I discovered that the $15,000 Bounced Check was <u>dishonored</u> by the bank.

16.  On account of the $15,000 Bounced Check, on June 17, 2010 the first Certification of Default was filed with the Court.

17.  Thereafter, on Friday, June 18, the Debtor delivered a $58,000.00 bank check to my office. At that time, Sayreville Plaza graciously agreed to accept such payment, subject to payment of the $951.00 shortfall by Monday, June 21. The Debtor agreed to such payment terms.

18.  On Wednesday, June 23, I advised the Debtor's counsel that the $951 was overdue, and that a certification of default would be filed absent payment of same by Friday, June 25.

19.  Thereafter, following the Debtor's continuing default, the second Certification of Default was filed on June 25, 2010.

20.  By June 28 a $951.00 payment was received by Sayreville Plaza, and the second Certification of Default was withdrawn.

3

21. Subsequently, the Debtor failed to timely remit the rent payment due on July 1. Thus, on July 7, Sayreville Plaza filed a <u>third</u> Certification of Default. As a result, a hearing on this matter was conducted on July 12.

22. As previously noted, the $8,000 Bounced Check delivered at the July 12 hearing has been dishonored.

23. Moreover, the $1,000.00 payment due on July 19 has not been received.

24. Consequently, Sayreville Plaza respectfully requests the entry of the order submitted simultaneously herewith terminating the lease agreement between Sayreville Plaza and the Debtor; and converting the Debtor's Chapter 11 Case to a Chapter 7 Case.

I hereby certify that the foregoing statement made by me is true. I am aware that if any of the foregoing is willfully false, I am subject to punishment.

Dated: July 20, 2010              /s/ David Edelberg
                                  David Edelberg

G:\wp\WPDATA\CLIENT_FILES\P_Files\Pyramid_Group\02_Pyramid_Construction_Group_LLC\Pleadings\Creditors_certification_of_default_7.20.10.doc